

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL VILLAREAL, #920588 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-03-CV-2038-R |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Douglas Dretke, Director of TDCJ-CID.

### II. Background

On April 17, 2000, Petitioner pled guilty to burglary of a habitation and was sentenced to twenty-five years imprisonment. *State v. Villareal*, No. F-99-51698-UI, (Crim. Dist. Ct. No. 2, Dallas County, Tex., April 17, 2000). On October 30, 2000, the Fifth District Court of Appeals affirmed. *Villareal v. State of Texas*, No. 05-00-00833-CR, (Tex. App. – Dallas, Oct. 30, 2000).

On May 2, 2001, the Court of Criminal Appeals denied Petitioner's petition for discretionary review.

On April 2, 2003, Petitioner filed a state petition for writ of habeas corpus. On July 18, 2003, the Court of Criminal Appeals denied the petition.

On September 4, 2003, Petitioner filed this petition. He argues that his guilty plea was involuntary and that he received ineffective assistance of counsel. On December 12, 2003, the Court ordered Petitioner to show cause why the petition is not barred by limitations. On January 6, 2004, Petitioner filed his response. The Court now finds the petition is time-barred.

## II. Discussion

### (a) Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -2-

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

The Fifth District Court of Appeals affirmed Petitioner's conviction on October 30, 2000. On May 2, 2001, the Texas Court of Criminal Appeals denied the petition for discretionary review. The conviction became final ninety days later. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner's conviction became final therefore, on August 1, 2001. Petitioner then had one year, or until August 1, 2002, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On April 2, 2003, Petitioner filed a state habeas application. This application was filed after the limitations period expired and did not toll the limitations period.

Petitioner had until August 1, 2002, to file his federal petition. He did not file his petition until September 4, 2003. His petition is therefore untimely.

---

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -3-

### (b) Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he received ineffective assistance of counsel, his guilty plea was involuntary, and he is illiterate with a low I.Q. Claims of ineffective assistance of counsel do not entitle Petitioner to equitable tolling. The Fifth Circuit Court of Appeals has stated that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also, Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000) ("A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations."); *Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002), *cert. denied*, 538 U.S. 969, 123 S.Ct. 1768 (2003) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling). Additionally, illiteracy or lack of legal knowledge does not toll the limitations period.

*See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, deafness, lack of legal training and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations). Petitioner has not shown that he was actively mislead by the State, or that he was prevented is some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 6 day of April, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE